In the Matter of the Estate of GEORGE N. KENNEDY, Deceased.

NATHAN L. MILLER, as Comptroller of the State of New York, Appellant, *v.* WILLIAM G. TRACY and GRANT D. GREEN, as Executors of and Trustees under the Last Will and Testament of GEORGE N. KENNEDY, Deceased, and JOHN L. STANDART, Residuary Devisee and Legatee under said Will, Respondents.

*Transfer tax — estates in expectancy transferred since 1899 are presently taxable — the amendment of section 230 of the Tax Law made in 1901 applies only to estates in expectancy transferred prior to 1899 — appeal from a surrogate's decree fixing a transfer tax — scope of the review by the Appellate Division.*

Section 230 of the Tax Law (Laws of 1896, chap. 908, as amd. by Laws of 1897, chap. 284) provided: "Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof."

The section was amended by chapter 76 of the Laws of 1899 by omitting the provision above quoted and inserting in place thereof the following: "Whenever a transfer of property is made, upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon such transfer, or as soon thereafter as practicable. * * * When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith out of the property transferred."

By chapters 173 and 493 of the Laws of 1901 the section was amended by inserting therein, after the provision last quoted, the following: "Estates in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof."

*Held,* that, by the amendment of 1901, the Legislature did not intend to change the general policy of making estates in expectancy presently taxable;

That the application of the clause inserted in the section by the amendment of 1901 was limited by the words, "and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance," to cases in which transfers of estates in expectancy had occurred prior to 1899 and in which no proceedings had been taken to determine the tax.

Under section 232 of the Tax Law, as amended by chapter 173 of the Laws of
    1901, which provides that the notice of appeal to a surrogate from a determi-
    nation fixing the amount of a transfer tax, shall state the grounds upon which
    the appeal is taken, the Appellate Division is confined to a consideration of
    those grounds upon an appeal from the surrogate's decree.

APPEAL by the plaintiff, Nathan L. Miller, as Comptroller of the
State of New York, from a decree of the Surrogate's Court of the
county of Onondaga, entered in said Surrogate's Court on the 20th
day of January, 1903, modifying an order entered in said court on
the 5th day of March, 1902, fixing the transfer tax upon the estate
of George N. Kennedy, deceased.

*John McLennan* and *Burton B. Parsons*, for the appellant.

*George D. Chapman* and *James G. Tracy*, for the respondents.

WILLIAMS, J.:

The order or decree of January 20, 1903, should be reversed, and
that of March 5, 1902, affirmed, with costs to the appellant.

The principal question raised by this appeal is whether certain
future contingent interests in the estate were taxable presently or
only when the persons entitled thereto should come into the posses-
sion of the same.

The surrogate at first held the interests taxable presently, but on
appeal reversed himself and held they were not taxable until posses-
sion thereof was secured by the persons interested therein. This
latter decision was based upon a construction of the statute, which
we regard as erroneous. Prior to 1899, section 230 of the Tax
Law (Laws of 1896, chap. 908), as amended by chapter 284 of the
Laws of 1897, provided: "Estates in expectancy which are contin-
gent or defeasible shall be appraised at their full, undiminished
value when the persons entitled thereto shall come into the bene-
ficial enjoyment or possession thereof." Under this provision of
the statute it was repeatedly held, that future contingent estates
were not taxable until they vested in possession and the beneficial
owner could be ascertained. (*Matter of Vanderbilt*, 172 N. Y. 69.)

This section was amended by chapter 76 of the Laws of 1899,
and the provision above quoted was omitted, and in place thereof
the following provision was inserted: "Whenever a transfer of

property is made, upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon such transfer, or as soon thereafter as practicable. * * * When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith, out of the property transferred." It was held that by this amendment a change was intended, making contingent estates taxable forthwith. (*Matter of Vanderbilt, supra.*)

In 1901 this section was again amended (Chaps. 173 and 493 of that year) by inserting therein, after the provision last above quoted, the following: "Estates in expectancy which are contingent or defeasible [and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance], shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof." The controversy is as to the construction of this provision in the amendment of 1901. It will be observed that the language (except that which we have included in brackets) is the same as the clause above quoted from the amendment of 1897, which was omitted entirely in the amendment of 1899. This language in the amendment of 1901 does not apply to all estates of the kind named, but is limited by the language in brackets to those in which proceedings to determine the tax had not been commenced or the taxation had been held in abeyance. The surrogate construed the 1st clause in this limitation as covering all such estates transferred after the amendment of 1901 went into effect and, therefore, as covering the estates herein, the death of the testator having occurred September 7, 1901. If this were the intention of the Legislature, the language inserted by the amendment of 1899 making such estates presently taxable would not have been retained in the amendment of 1901. There would have been no occasion for it. By the amendment of 1897 these estates were not

taxable presently, but the taxation thereof was held in abeyance. By the amendment of 1899 the language of the amendment of 1897 referred to was omitted and the provision expressly made for taxation presently. The intention of the Legislature was thus made clear and certain to change from a future to a present taxation in all cases of such estates. Then by the amendment of 1901 this language of the amendment of 1899 was retained, showing the general legislative intent remained the same and the language here in question was inserted providing that in certain specified cases a future taxation was intended as under the amendment of 1897. It is apparent that the cases so intended to be provided for were limited in number and not *all* the cases thereafter occurring.

We think this provision was intended to apply only to those cases unprovided for by the statute of 1899, and left so until 1901, where the transfers had occurred prior to 1899 and there had under the amendment of 1897 been no proceedings taken to impose the tax; the taxation had been held in abeyance until the future time when the tax should be assessed under the amendment of 1897. In view of the amendment of 1899, omitting the provision as to future assessments contained in the amendment of 1897, these cases were covered by no provision of the statute, and hence this one was inserted in the amendment of 1901 to provide therefor. We do not think the Legislature intended to change the general policy of *present* instead of *future* assessments of estates of this nature which was clearly indicated in the amendment of 1899, which was retained in the amendment of 1901.

This was the sole ground of the decision by the Surrogate's Court, and for his error in this regard the order appealed from should be reversed. Aside from the questions relating to the values of the property fixed by the appraiser, the only question raised by the notice of appeal to the Surrogate's Court was the one we have discussed, and we think, therefore, the other questions suggested in behalf of the appellants are not properly here for our consideration. Section 232 of the Tax Law, as amended by chapter 173 of the Laws of 1901, provides that the notice of appeal to the surrogate shall state the grounds upon which the appeal is taken and, therefore, none except those specified can be considered. (*Matter of Davis*, 149 N. Y. 539, 548.)

The order and decree appealed from should, therefore, be reversed and the former order and decree affirmed, with costs, as hereinbefore stated.

All concurred.

The order and decree of January 20, 1903, is reversed, and that of March 5, 1902, is affirmed, with costs to the appellant.