McLemore v. Raine's Estate.

McLemore, Clerk of Court, v. Raine's Estate *et al.*

(*Jackson.*   April Term, 1915.)

**TAXATION.   Inheritance taxes.   Assessment.**

A testatrix devised all of her real estate to her husband for life
with the direction that if her sister survived it should go to
the sister for life, remainder to any children the sister might
leave surviving her.   The will further provided that in event
of the sister's death before that of the husband the property
should go to the sister's children, and that if the sister died
without issue, the property should go over to the testatrix's
cousin.   Shannon's Code, secs. 726, 727, provide that where there
shall be a devise to collateral relatives to take effect after the
expiration of one or more life estates, the tax on such estate
shall not be payable until the person liable for it shall come
into actual possession, and that the tax shall be assessed upon
the value of the estate at the time the right to possession
accrues.   *Held*, that as the interest of both the cousin and
the sister was liable to be divested, they were not entitled to
the enjoyment of the estate so as to be liable to transfer taxes.

Cases cited and approved:   Vanderbilt v. Eidman, 196 U. S.,
480; People v. McCormick, 208 Ill., 437; Howe v. Howe, 179
Mass., 546; Harrison v. Johnston, 109 Tenn., 245; Bailey v.
Drane, 96 Tenn., 16.

Code cited and construed:   Secs. 726, 727 (S.).

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.—
J. V. Young, Judge.

Gilmer P. Smith, for appellant.

L. P. CARY, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

This proceeding was instituted in the county court of Shelby county to collect a collateral inheritance tax. Demurrers were interposed by the defendants in the county court and there sustained. An appeal was taken to the circuit court, and the action of the county court affirmed, and the case has been brought to this court.

Mrs. Isabella A. Raine disposed of certain real estate by her will in the following manner:

"Second: I will, devise and bequeath all of my real estate of which I am now possessed, or of which I may be possessed at the time of my death:

"1st. To my husband, C. H. Raine, for the term of his natural life.

"2d. If my sister, Mrs. Rebecca Allison Dudley, is living at the time of the death of my husband, C. H. Raine, I will, devise, and bequeath the said real estate just above mentioned to her, for the term of her natural life, and after her death, I will, devise and bequeath the said real estate to any children that she, my said sister, may have by her present, or any future husband, in fee simple absolute forever, to the said children, share and share alike. In event that my sister, Mrs. Rebecca Allison Dudley, be dead at the date of the death of my husband, C. H. Raine, and in the event that she leaves any children living at the time

of her death by her present or any future husband;
then I will, devise and bequeath this property to the
children of my said sister, Mrs. Rebecca A. Dudley,
share and share alike in fee simple forever.   In the
event that my sister, Mrs. Rebecca Allison Dudley,
survives my husband, C. H. Raine, as above stated, I
will, devise and bequeath the said real estate to her
for the term of her natural life and in the event she
dies without issue, I will and bequeath the said real es-
tate to my cousin, Miss Rebecca Allison Porter, Nash-
ville, Tennessee.   Also in the event that my sister, Mrs.
Rebecca Allison Dudley, dies before my husband, C. H.
Raine, has expired, I will, devise and bequeath the said
real estate to my cousin, Rebecca Allison Porter of
Nashville, Tennessee.''

The defendant Mrs. Lelia R. Boyd has acquired the
life estate of C. H. Raine in the property above de-
scribed, and has made an arrangement with Mrs. Dud-
ley and Miss Porter, whereby the latter have conveyed
to her all their interest in this real estate.   Under the
agreement between these three ladies, Mrs. Boyd has
executed four notes for $32,000, two of said notes for
$16,000 having been turned over to Mrs. Dudley, and
two for a like amount having been turned over to Miss
Porter.   These four notes bear interest from date, and
it is provided that they shall not be negotiated.   They
are further conditioned so that if Mrs. Dudley dies
prior to the maturity of the notes, they being payable
twelve years after date, leaving any child or children,

then the notes are to be void and to be delivered to Mrs. Boyd for cancellation.

If Mrs. Dudley dies childless before the maturity of the notes, then the notes are to be payable within ninety days after her death. If before the maturity of these notes Mrs. Dudley shall have a child or children, then the notes are to be extended as to payment, and in case the child or children die before Mrs. Dudley's death, the notes are to be in force and on Mrs. Dudley's death are payable within ninety days; but if Mrs. Dudley dies and any child or children survive, then the notes are to be given to Mrs. Boyd for cancellation.

Mrs. Dudley is at present a widow, but is not beyond the age at which it might be expected that children could be born to her.

It is the contention of the county court clerk that parties defendant have come into actual enjoyment of the contingent remainders provided for in the will and are therefore liable for the succession tax.

Sections 726 and 727 of Shannon's Code provide for the assessment of such tax in cases like this, and these sections are as follows:

"Sec. 726. In all cases where there shall be a devise, bequest, or descent of an estate, real or personal, to collateral relatives or strangers liable to the collateral inheritance and succession tax, to take effect in possession or to come into actual enjoyment after the expiration of one or more life estates, or a period of years, the tax on such estate shall not be payable, nor

McLemore v. Raine's Estate.

interest begin to run thereon, until the person or persons liable for the same shall come into actual possession of such estate by the termination of the estates for life or years.

"Sec. 727.  The tax shall be assessed upon the value of the estate at the time the right of possession accrues to the owner as aforesaid; but he shall have the right to pay the tax at any time prior to his coming into possession; and in such cases the tax shall be assessed on the value of the estate at he time of the payment of the tax, after deducting the value of the life estate or estates for years."

We do not think this estate has yet taken effect in possession or come into the actual enjoyment of anyone, and consequently we are of opinion that the inheritance tax is not yet due.

These two ladies, Mrs. Dudley and Miss Porter, have only contingent remainders in this devise.  The interest of both is subject to be defeated by the contingencies provided in the will.  Likewise, Mrs. Boyd, their transferee, has a mere contingent interest of which she may be entirely deprived by the birth of a child to Mrs. Dudley.

It cannot be said that an estate has taken effect in possession, or that any actual possession of an estate is enjoyed when such possession and enjoyment is subordinated to an uncertain contingency.  There is no real possession nor any real enjoyment, if such possession and enjoyment are merely contingent.  An es

131 Tenn. 41

tate held as this one is at present has not vested in actual possession within the meaning of the statute.

In other States a succession tax is provided for by statutes quite similar to our own. In many of these statutes the language used is almost identical with the language of the act above quoted. In no jurisdiction has an estate been supposed to have come into actual possession, or enjoyment, or to have taken effect in possession as long as it was contingent and subject to be defeated by an uncertain event. *Vanderbilt* v. *Eidman,* 196 U. S., 480, 25 Sup. Ct., 331, 49 L. Ed., 563; *People* v. *McCormick* 208 Ill., 437, 70 N. E., 350, 64 L. R. A., 775; *Howe* v. *Howe,* 179 Mass., 546, 61 N. E., 225, 55 L. R. A., 626. See, also, numerous other cases collected in a note under *In re Kingman* (Illinois) as reported in 5 Ann. Cas., 237.

The general rule as stated in the Cyc. of Law is as follows:

"But in the absence of statutory provisions to the contrary, a succession tax cannot be assessed or demanded as of the date of the testator's death, where the actual value of the postponed estate cannot be ascertained on account of a power given to the holder of the intermediate estate to spend the principal or a part thereof, or for any similar reason; nor where the person who will ultimately become entitled to the postponed estate cannot be known or identified until the termination of the intermediate estate, as where the devolution of a remainder or other expectant estate depends on a question of survivorship; and generally a

contingent remainder is not taxable until it vests in possession, or until the defeating contingency has been rendered forever impossible of occurrence." 37 Cyc., 1574.

Under our law the inheritance tax on a remainder estate is payable by the person who comes into "actual possession of such estate by the termination of the estates for life of years."

It is impossible to tell in this case, prior to Mr. Raine's death, who will come into possession of this estate in remainder—impossible to tell who will be liable for the tax.

There is no conflict between what we have said above and the holding of this court in *Harrison* v. *Johnston,* 109 Tenn., 245, 70 S. W., 414. In the latter case, the life tenant had purchased the contingent remainders and all the interests merged and vested the entire estate in her. There was no contingent interest outstanding. Her title was perfect and not subject to defeat. The whole estate had come into her actual possession and enjoyment.

In this case, the succession tax on the life estate of Mr. Raine has been paid. The tax on the other interests become payable according to the rule laid down in *Bailey* v. *Drane,* 96 Tenn., 16, 33 S. W., 573.

The lower courts correctly held that the tax on these contingent interests was not due at present, and their judgment is affirmed.