IN RE ESTATE OF WILLIAM J. KINSELLA; STATE TREASURER v. MERCANTILE TRUST COMPANY and NELLIE H. KINSELLA, Trustees, Appellants.

Division One, April 8, 1922.

1. **INHERITANCE TAX:** Contingent Interests: Highest Possible Rate. Where testator by his will created a trust estate for the benefit of his daughter for life, and if his daughter should predecease his wife then to go to his wife absolutely, but if his wife should predecease his daughter then the trust fund was to go (1) to the daughter's children or their descendants if any such there were, (2) if no children or their descendants then the daughter, by will duly executed, could name the person or persons to take, and (3) if the daughter had no children or their descendants and failed by will to nominate or appoint a person or persons to whom the estate should go, then and in that event the trust fund should go to such persons as would be entitled to receive the same from her under the laws of descent and distribution then in effect in this State, the inheritance tax payable upon the transfer of the remainder of the trust estate after the daughter's life-estate was, under Section 25 of the Act of 1917 (Laws 1917, p. 114), now Section 582, Revised Statutes 1919, the highest rate fixed by Sub-division 5 of Section 3 of said act, now Subdivision 5 of Section 560, Revised Statutes 1919.

293 Mo.—35

2. ———: ———: ———: **When Payable.** The tax upon the transfer of such remainder was to be determined and was due and payable forthwith, in accordance with the provisions of said Section 25, now Section 582, Revised Statutes 1919.

3. ———: ———: **Present Transfer: Not a Property Tax.** The fact that the contingent remaindermen were unknown and impossible of determination when the will took effect did not prevent the transfer to the trustee from being a transfer taxable under the statute, and did not make the tax one upon property instead of one upon the transfer of property, and such tax was not unconstitutional as being a property tax.

4. ———: ———: **Over Payment: Refunding.** By the true construction of Sections 12 and 25 of the Act of 1917, now Sections 569 and 582, Revised Statutes 1919, if it should happen that there had been an overpayment of the tax due on such transfer by reason of the fact that such trust fund ultimately went to a person or corporation exempt under the law, or to a person taxable at a less rate than the rate imposed and paid, then such person would have two years from the time when the fact of such overpayment was determined, within which to apply for a refund thereof in the manner provided in said Section 569.

5. ———: ———: **Conflicting Sections of Statute: Last Controls.** If there were any conflict between Section 1 of the Act of 1917, now Section 558, Revised Statutes 1919, and Section 25, now Section 582, Revised Statutes 1919, as to when the tax was imposed upon such transfer of contingent interests, the latter section would control, as being the last expression of the legislative will.

6. ———: ———: ———: **No Conflict: Sections Harmonized.** The provision of Section 1 of the Act of 1917, now Section 558, Revised Statutes 1919, that "such tax shall be imposed when any person, association, institution or corporation actually comes into the possession and enjoyment of the property, interest therein, or income therefrom, whether the transfer thereof is made before or after the passage of this act. *Provided*, that property which is actually vested in such persons or corporations before this act takes effect shall not be subject to the tax," refers to property transferred within two years prior to death, by grant, bargain, sale or gift, made in contemplation of death or to take effect in possession or enjoyment at or after death; whereas Section 25, now Section 582, Revised Statutes 1919, refers more particularly to transfers by will or by the intestate laws, which are covered by the first part of said Section 1, now Section 558, Revised Statutes 1919.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

.AFFIRMED.

*Robert A. Roessel* for appellant.

(1)   The Inheritance Tax Law of 1917 is a law levying a tax on the transfer by will or inheritance of property from one person to another person, association, institution or corporation.   Preamble, Act of 1917, Laws 1917, p. 114; Sec. 1, Act of 1917, Laws 1917, p. 114.  · (a) As such a tax it shall be imposed when such person, institution, association or corporation actually comes into possession and enjoyment of the property.   Sec. ·1, Act of 1917, Laws 1917, p. 114.   (b)   In the event the tax should be assessed and presently collected, as is sought to be done, no provision is made for a refund in the event the estate should go to a party assessable at a lower rate.   Section 25 of Act of 1917, Laws 1917, p. 114, provides that in such an event refund should be made as provided in Section 12, but Section 12 provides for refund of any excess tax, provided "that all applications for the refund of said tax shall be made within two years from the date of said payment."   Many years might elapse after the payment of said tax before amount of refund could be determined.   (c)   Sec. 5, Act 1917, Laws 1917, p. 114, provides that the remaindermen may give bond to pay the tax.   In the instant case there is no one *in esse* capable of giving said bond.   (d)   Where there is a conflict between sections of the act that construction must be given which is most favorable to the taxpayer.   Ullman v. People, 236 Ill. 528; In re Steward, 131 N. Y. 274; People v. Koenig, 37 Colo. 285; Knowlton v. Moore, 44 L. Ed. 984; Eidman v. Martinez, 184 U. S. 578; State v. Davis, 88 Kan. 849; 37 Cyc. 1556; Blakemore & Bancroft, Inherit. Tax, p. 32; Estate of· Clark, 270 Mo. 362.   (2)   Inheritance tax laws, such as the Missouri law, are imposed upon the right to receive rather than on the right to transmit property, and so constitute a legacy or succession tax rather than probate duties or estate taxes.   26 R. C. L. p. 196; People v. Koenig, 37 Colo. 283; Kochsperger v. Drake, 167 Ill. 122;

Billings v. People, 189 Ill. 472; People v. McCormick, 208 Ill. 437; Oakman v. Small, 282 Ill. 360; State v. Cline, 91 Kan. 416; Booth v. Comm., 130 Ky. 88; State v. Hamlin, 86 Me. 495; Hospital Assn. v. Mealy, 121 Md. 280; Gelsthorpe v. Furnell, 20 Mont. 299; Matter of Sherman, 166 N. Y. Supp. 19; In re Barber, 173 N. Y. Supp. 276; In re Burnham, 183 N. Y. Supp. 539; In re Roosevelt, 143 N. Y. 120; In re Hoffman, 143 N. Y. 327; In re Panfold, 216 N. Y. 171; Stole v. Ferris, 53 Ohio St. 314; State v. Alston, 94 Tenn. 674; State ex rel. v. Switzler, 143 Mo. 328; State ex rel. v. Henderson, 160 Mo. 215; Maguire v. University, 271 Mo. 363; In re Bernero, 271 Mo. 544. (3) Inheritance or transfer taxes are duties imposed by the State on the right of the citizen to succeed to property by will or inheritance; they are a tax or duty on the transfer of or the succession to property. It therefore follows that there must be a person *in esse* to receive. In other words, the estate must be vested, otherwise it is purely a property tax and as such offends Art. X, secs. 3, 4, and 8, and Art. II, sec. 30, Constitution of Missouri, and the Fourteenth Amendment of the Constitution of the United States. Billings v. People, 189 Ill. 472; People v. McCormick, 208 Ill. 437; Estate of Kingman, 220 Ill. 563; In re Roosevelt, 143 N. Y. 120; In re Plum, 37 Misc. (N. Y.) 466; In re Curtis, 142 N. Y. 219; In re Hoffman, 143 N. Y. 327; Matter of Howe, 86 App. Div. 286, 276 N. Y. 570; Vanderbilt v. Eidman, 196 U. S. 496; State ex rel. v. Switzler, 143 Mo. 287; State ex rel. v. Henderson, 160 Mo. 190; Maguire v. University, 271 Mo. 359; In re Bernero, 271 Mo. 529; State ex rel. v. Guinotte, 204 S. W. 806; Knowlton v. Moore, 44 L. Ed. 969.

*Jesse W. Barrett,* Attorney-General, and *Stratton Shartel,* Special Assistant Attorney-General, for respondent.

(1) (a) The Inheritance Tax Law of 1917 contains certain sections applicable to the taxation of transfers of all future contingent estates. All such transfers are taxed

immediately.  Sec. 23, Laws 1917, p. 123; Sec. 580, R. S. 1919; Sec. 24, Laws 1917, p. 124; Sec. 581, R. S. 1919; Sec. 25, Laws 1917, p. 125; Sec. 582, R. S. 1919.  (b) Missouri borrowed its Inheritance Tax Law from Illinois. Illinois had borrowed its Inheritance Tax Law from New York.  Sec. 25, Illinois Laws 1909, sec. 388B; Hurd's 1919, R. S. Ill. 1984; Sec. 230, p. 5999, 5 Cummins & Gilbert's Consl. Law of N. Y.  (c)  When the statute of another state is adopted by the Missouri Legislature, the construction placed upon that statute by the highest courts of the other state should be very persuasive upon the courts of this State in construing such statute. Skrainka v. Allen, 76 Mo. 389; Snyder v. Railroad, 86 Mo. 618; Knight v. Rawlings, 205 Mo. 433; State ex rel. v. Miles, 210 Mo. 145; People v. Trust Co., 225 Ill. 168; People v. Lowenstein, 284 Ill. 1. c. 131.  (2)  The Legislature has absolute power over property where death has foreclosed the owner's right thereto.  Inheritance taxes are not referable to the taxing power of the State.  State ex rel. v. Guinotte, 275 Mo. 314; Matter of White, 208 N. Y. 67; Matter of Swift, 137 N. Y. 84; Magown v. Trust & Sav. Bank, 170 U. S. 288; United States v. Perkins, 163 U. S. 628.  (3)  The said tax has been correctly and legally assessed against said transfer in remainder to the "unknown heirs," or, in other words, to the five per cent class.  Sec. 23, Laws 1917, p. 123; Sec. 580, R. S. 1919; Sec. 25, Laws 1917, p. 124; Sec. 582, R. S. 1919; Matter of Parker, 226 N. Y. 262; Matter of Zborowski, 213 N. Y. 113; Matter of Vanderbilt, 172 N. Y. 73; People v. Lowenstein, 284 Ill. 131; In re Hutton's Estate, 162 N. Y. Supp. 972; In re Steinwender's Estate, 163 N. Y. Supp. 309; Matter of Ogdon, 103 Misc. (N. Y.) 534; Matter of Terry, 218 N. Y. 223; People v. Byrd, 253 Ill. 223; Matter of Wright, 165 App. Div. 332, 214 N. Y. 714; Gleason & Otis, Inheritance Taxation (2 Ed.) p. 267.  (4)  Section 25 is constitutional and does not impose a tax upon property.  People v. Starring, 274 Ill. 293; People v. Lowenstein, 284 Ill. 131; Matter of Vanderbilt, 172 N. Y. 73; Matter of Keeney, 194 N. Y. 285; In re Hutton's Es-

state, 162 N. Y. Supp. 972; Matter of White, 208 N. Y. 67; Matter of Zborowski, 213 N. Y. 116; Matter of Brez, 172 N. Y. 610; Security Trust Co. v. Edwards, 90 N. Y. 581; Matter of Parker, 226 N. Y. 266; Maguire v. University, 271 Mo. 368.

GRAVES, J.—This is a contest over the assessment of inheritance taxes as against devisees in the will of Wm. J. Kinsella, deceased. Kinsella died in 1918, and the provisions of our inheritance tax law of 1917 apply. The interests of the devisees under a given clause of the will were appraised, and the tax determined by the probate court, upon a report made by Edwin W. Lee, duly appointed for that purpose, by the Probate Court of the City of St. Louis, which court was administering upon the estate of deceased, Wm. J. Kinsella.

Exceptions were filed, as provided by law, and these being overruled, an appeal was taken to the circuit court, which court disposed of the case by the following memoranda or order:

"I think that under the case of McClintock v. Guinotte, 275 Mo. 298, the constitutional questions and the property tax questions are decided against appellant, and that the Illinois and New York decisions cited settle the other questions against appellant. The exceptions of appellant are overruled and the appeal dismissed.

"G. H. S."

"7-19-20."

From this order and judgment, the present appeal was taken to this court. There were some seven exceptions in the probate court, as well as in the circuit court, but in this court appellants abandoned all but two of that number. These pertain to the tax imposed upon devisees under a trust estate created by the will. That portion of the will, which alone is applicable to the two contentions being made upon this appeal, reads:

"Item Eleven: I give and bequeath unto the Mercantile Trust Company, a corporation of the City of St. Louis, Missouri, and unto Nellie H. Kinsella, my wife,

the sum of one hundred thousand dollars in cash, or its equivalent in securities, at their market value, in trust however, for the following uses and purposes, that is to say:

"(2)  I direct my trustee to pay over quarterly, on the first day of January, April, July and October, of each year, the net revenue and income derived from said trust fund, unto my wife, Nellie H. Kinsella, who shall expend the said net revenue so paid her, for the comfort, support and maintenance of my daughter, Ella Marie Kinsella, as she, my said wife, shall deem proper.

"(3)  The trust hereby created shall continue during the natural life of my daughter, Ella Marie Kinsella, and if she predecease my wife, then and in that event, the whole of the trust fund and all accumulations thereto, shall be paid over, delivered and· conveyed, absolutely, unto my wife, Nellie H. Kinsella.

"(4)  But in the event that my wife, Nellie H. Kinsella shall predecease my daughter, then this trust shall continue with the Mercantile Trust Company as sole trustee, and the net revenue and income derived from said trust fund shall be paid by the Mercantile Trust Company, as trustee, unto my said daughter, so long as she shall live.

"(5)  If my wife predecease my said daughter, then upon my said daughter's death, said trust fund and all accumulations thereto, shall be paid over, delivered and conveyed, equally, unto my daughter's children, if there be any, or unto their descendants, but if there be no such children, or descendants, then my said daughter may, by her last will and testament, duly executed, convey the whole of the said trust estate to whomsoever she pleases; but, should there be no such children, or descendants, and she shall fail to bequeath the.same by will, as above directed, then the whole of said trust fund, and all accumulations thereto, shall pass and belong to those persons who would be entitled to receive the same from her under the laws of descent and distribution then in effect in the State of Missouri."

The exceptions in the probate court, now relied upon in this court, are as follows:

"Second. That the tax of $1,426.50 assessed against the remainder interest in the one-hundred-thousand-dollar fund, in which Ella Marie Kinsella has a life estate, and which was assessed as the 'remainder interest in $100,000 fund to unknown heirs,' was illegal and incorrect, for the reason that the remaindermen, after exhausting said life estate, are absolutely unknown and impossible of determination at the present time on account of the provisions in the will of the said William J. Kinsella, deceased, concerning said fund and, therefore, the tax so assessed is contrary to the Inheritance Tax Law, Section 25, Laws 1917, page 114.

"Third. That the tax of $1,426.50 imposed on the remainder interest in said one-hundred-thousand-dollar fund was illegal and incorrect in that the respective interests and shares of the unknown remaindermen are contingent, subject to defeasance, and impossible of determination at this time, and that the said tax so assessed is contrary to the Inheritance Tax Law, Laws 1917, page 114, in that the said law imposes a tax on the transfer of property and not on the property itself. The tax as imposed by the appraiser is on the property as such, and not on the transfer thereof, as there is and can be no transfer at this time; further, that said tax so imposed on the property is unconstitutional, in that it is in violation of Article X, Section 8, of the Constitution of the State of Missouri."

The constitutionality of the Act of 1917 was attacked, and other questions raised below, but each and all have been abandoned, except the two set out last above. This outlines the case.

I. The first thrust of appellant is at the provisions of Section 25 of the Act of 1917 (Laws 1917, p. 124), now Section 582, Revised Statutes 1919. This sections reads:

"Where any property shall after the passage of this act, be transferred subject to any charge, estate or interest, determinable by the death of any person, or at

any period ascertainable only by reference to death, the increase accruing to any person or corpora-

**Contingent Interest: Highest Rate.** tion upon the extinction or determination of such charge, estate or interest, shall be deemed a transfer of property taxable under the provisions of this act in the same manner as though the person or corporation beneficially entitled thereto had then acquired such increase from the person from whom the title to their respective estate or interests is derived. When the property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are wholly dependable upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this act, and such tax so imposed shall be due and payable forthwith by the executor, administrator, or trustee out of the property transferred; *Provided, however,* that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this act, or to any person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this act. Such return of over-payment shall be made in the manner provided by section twelve of this act, upon the order of the court having jurisdiction. Estates in expectancy which are contingent or defeasible and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance, shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof, without diminution for or on account of any valuation theretofore made of the particular estate

for purposes of taxation, upon which said estate in expectancy may have been limited. Where an estate for life or for years can be divested by the act or omission of the legatee or devisee it shall be taxed as if there were no possibility of such divesting.''

The status of this case, upon the point here involved, should be concisely outlined. The will of the deceased created a trust estate of $100,000, first for the benefit of the daughter during her life, and secondly to the wife absolutely, if the daughter predeceased the wife. If however the wife predeceased the daughter, then upon the death of the daughter the trust fund is to go (1) to the daughter's children or their descendants, if any such there be: (2) if no children or their descendants, then by will the daughter could name the person or persons to take, and (3) if the daughter had no children or their descendants, and failed by will to nominate or appoint a person or persons to whom the estate should go, then in that event, the trust fund is to go to such persons as might be entitled to inherit from the daughter under the laws of descent and distribution. Under these divers conditions, the probate court determined the amount to be paid ''at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this act, and such tax so imposed shall be due and payable *forthwith* by the executor, administrator, or trustee out of the property transferred:'' which rate the court found to be five and ten per cent under sub-division 5 of Section 3 of the act, which so far as applicable reads:

''Where the person or persons to whom such property or any beneficial interest therein passes shall be in any other degree of collateral consanguinity, then as hereinbefore stated, or shall be a stranger in blood to the decedent, or shall be a body politic, association, institution, or corporation, at the rate of five per centum of the clear market value of such property or interest therein.''

This was on the theory that under her power of appointment by the will the daughter might and probably

would name and appoint either a stranger to the blood, or some "body politic, association, institution or corporation." The value of the remainder was found to be $24,365. Of this sum $20,000 was taxed at five per cent, and $4,365 (after deducting $100 exemption) was taxed at ten per cent, making the total tax of $1,426.50, complained of in this appeal.

I do not understand that it is urged that the value of the remainder was not properly and rightfully determined, nor that the rates fixed are not the proper ones under the statute. The real contentions are two-fold: (1) in the language of exception 2, supra, because the remaindermen "are absolutely unknown and impossible to determine at the present time," and (2) that to fix the tax now would make it a property tax, rather than a transfer tax, which property tax would be void under the Constitution. The latter is upon the theory that there can be no succession without the recipients of the gift or estate are in being at the time.

Much is said in the briefs trying to draw a distinction between transfer of property, and succession to property. There can not be a transfer of property, whether by deed, gift or will, without there being a succession to property. Of course in a deed there must be a grantee *in esse,* before there is a succession, or even a valid deed, but not so in a will, or a trust created by will. We would have many void wills, if the divers contingent grantees or beneficiaries therein had to be *in esse.* By will, or by a trust created by will, the property passes, but upon such contingencies as may arise, under the terms of the instrument. There is a transfer and a contingent succession. But we need not go into details on this matter.

Appellants say that Section 1 of the act provides that, "such tax shall be imposed when any person, association, institution or corporation actually comes into possession and enjoyment of the property." This they say precludes the assessment made in this case. There

When Payable.

are several answers to this contention. If this clause has reference to a case of this character, then it conflicts with Section 25 of the act which we have quoted supra, and Section 25, being the later expression of the legislative mind, would control. Section 25 covers this case, wherein it is said: "When the property is *transferred in trust,* or otherwise, and the rights, interests or estates of the transferees are wholly dependable upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this act, and such tax so imposed shall be *due and payable forthwith* by the executor, administrator, or *trustee* out of the property transferred." In that this tax is required to be paid "*forthwith*" it clearly conflicts with the portion of Section 1, upon which appellants rely, if that portion refers to the same subject-matter, which we doubt, and as we shall discuss. If it conflicts, Section 25 must be upheld as the later expression of the Legislature. [Black on Interpretation of Laws (2 Ed) p. 326.]

Under well established rules of construction we should harmonize the several sections, if such a construction can be given. Going to Section 1 of the Act of 1917 (Laws 1917, p. 115) it will be noticed that the first clause imposes generally a tax upon the transfers of property, including transfers of property "in trust." This clause is followed by three specifications: (1) when the transfer is by will or by the intestate laws, by a resident of the State; (2) when the property is within the State, although the grantor is out of the State, and makes the transfer by will or the intestate laws of the State, or (3) when the transfer is made by a resident or a non-resident of the State, of property in the State, by *grant, bargain, sale* or *gift* made in contemplation of death to take effect after death, and wherein the transaction was had within two years prior to death. It is after this last sub-division

that the words relied upon by appellants occur. They do not quote all of the words. In full the language is:

"Such tax shall be imposed when any person, association, institution, or corporation actually comes into the possesion and enjoyment of the property, interest therein, or income therefrom, whether the transfer thereof is made before or after the passage of this act; provided, that property which is actually vested in such persons or corporations before this act takes effect shall not be subject to the tax."

The last thing the Legislature had in mind before the use of this language was property transferred "by deed, grant, sale or gift" within two years prior to death. The proviso strongly tends to show that the whole of this clause was used with reference to property conveyed or transferred in that manner, and had no reference to transfers by will, as mentioned in the first part of the section. With this construction the two sections fit in and harmonize, because Section 25 but amplifies and adds to that portion of Section 1, which refers to transfers by will or the intestate laws. But as said: If Section 25 does conflict with Section 1, Section 25 should prevail. In Black on Interpretation of Laws, supra, it is said:

"So, also, it is a general rule that where different parts or sections of the same statute are found to be in irreconcilable conflict, the latest in order of position or arrangement will prevail."

If both of these sections refer to the same subject there is irreconcilable conflict, and Section 25 must prevail. So that if the two sections can be construed so that both may stand, or if Section 25 supersedes Section 1, as to the taxation of transfers as is here involved, the assessment is proper in this case, under the statute.

Our statute covering this particular subject (that covered by Section 25 of our Act of 1917) was either borrowed from New York or Illinois. [See Laws of New York for year 1899, vol. 1, pages 100-103.] There are states which postpone the tax upon remainders, but such

states have no such laws as are found in our said Section 25 of the Act of 1917. In Gleason and Otis on Inheritance Taxation (2 Ed.), page 267, it is said:

"It was formerly the rule in New York and still is in many states to postpone the taxation of the remainder until the expiration of the intermediate estate. [McLemore v. Raines' Estate, 131 Tenn. 637, 176 S. W. 109; State ex rel. Hale v. Probate Court, 100 Minn. 192, 110 N. W. 865; Matter of Cager, 111 N. Y. 343, 18 N. E. 866; Matter of Hoffman, 143 N. Y. 327, 38 N. E. 311.]

"d.  Presently Taxable.

"By Chapter 76, L. 1899, the rule was changed in New York so as to provide for the present taxation at the highest possible rate of all contingent remainders, with a refund in case a lower rate ultimately proves to be due.  This statute has been copied in many states and is held constitutional.  [People v. Lowenstein, 284 Ill. 126, 119 N. E. 917; Matter of Vanderbilt, 172 N. Y. 69, 64 N. E. 782; Matter of Brez, 172 N. Y. 609, 64 N. E. 958; Matter of Kennedy, 93 App. Div. 27, 86 Supp. 1024.]

"The taxation is against the trustees who take the legal title. Order of Surrogate affirmed without opinion. [Matter of Guggenheim, 189 N. Y. 561, 82 N. E. 1127.]"

In the case of Matter of Zorowski, 213 N. Y. l. c. 116, it is said:

"The different statutes hereinbefore referred to contain evidence of a constant effort of the Legislature to enlarge the class of transfers immediately taxable upon the death of the transferror. *The question of the Legislature's power in that regard was set at rest by the decision of this court* in Matter of Vanderbilt (supra).  In one aspect it may be unjust to the life tenant to tax at once the transfer, both of the life estate and of the remainder though contingent, and it may seem unwise for the State to collect taxes which it may have to refund with interest, but those considerations *are solely for the Legislature,* who are to judge whether they are more than offset by the greater certainty which the State thus has of receiving the tax ultimately its due under the statute.

However unwise or unjust it may seem in a particular case like this for the State to collect the tax at the highest rate when in all probability the remainder will vest in a class taxable at the lowest rate, *it is the duty of this court to give effect to the statute as it is written.''*

The italics are ours, and it will be noticed that the decision was made after the State of New York had amended its law, so as to read practically as our Section 25 of the Act of 1917 reads.

To like effect is case of Matter of Parker, 226 N. Y. 262, as well as other New York cases that might be cited.

Illinois has the same provision in substance, and the courts of that State have upheld it. [People v. Lowenstein, 284 Ill. l. c. 132.] In this case they are discussing Section 25 of the Illinois Act, which is almost identical with our Section 25 of the Act of 1917. The Illinois court follows the reasoning of the New York court. To like effect is People v. Byrd, 253 Ill. 223, whereat it is said that their statute was borrowed from New York.

Under our ruling in McClintock v. Guinotte, 275 Mo. 298, the State had the right to name the conditions of the transfer and succession, and had the right to require the trustee in this case, the holders of the legal title, to pay the taxes at once, and this without a return payment of the excess taxes in the end, had such been done. The fairer method would be to provide for a return of the excess, and most of the statutes so provide. But of this portion of the statute later.

From it all, it appears that (to say the least) the probate court followed the statute in fixing the rate, and in fixing the time of payment. Appellants' first contention must be ruled against them.

II. The plan of attack in this case has been in the form of pointing out alleged inconsistencies in the Act of 1917. We have just dealt with one of them in the first portion of the opinion. It is urged that the remainder-

**Refund.** men (as they call the beneficiaries of this trust) can never have the benefit of a refund of the excess taxes paid, if the class which ultimately gets the fund is entitled to pay at a less rate than the highest rate. This for the reason, as they say, Section 12 of the act only allows two years in which to make application for re-payment. Section 12 reads:

"When any tax shall have been paid erroneously to the State Treasurer it shall be lawful for him, on satisfactory proof of said erroneous payment, to refund and pay to the executor, administrator, or trustee, person or persons who paid the same the amount of such tax so erroneously paid; *Provided,* that all applications for the refund of said tax shall be made within two years from the date of the said payment."

A sentence in Section 25 reads: "Such return of over-payment shall be made in the manner provided by Section twelve of this act, upon the order of the court having jurisdiction."

Section 12, supra, clearly has reference to an erroneous payment of a tax as a whole, and not to an excess payment provided for by Section 25 for the emergencies of that section. The parties named in Section 12, to whom re-payment is to be made, are all *in esse,* and can make their application within two years. This two-year provision in said Section 12 is in the nature of a statute of limitations. The parties must proceed within two years or be barred. The two years begins from the time they were entitled to the refund. If it was an erroneous payment they were entitled to an immediate refund. In other words, their claims for refund arose immediately upon the payment of the erroneous tax.

When we examine the sentence from Section 25, quoted, supra, it will be noticed that it only provides for a repayment of an over-payment "in the manner provided for in Section 12 of this act." That manner is upon satisfactory proof. Under Section 25 no claim arises at the time of payment, but only at the time when it is determined to what particular class the fund goes.

A reasonable construction of these two provisions is, that as to the claims for excess payment of taxes under Section 25, the parties would have the two years from the date it becomes settled that there was an excess payment of taxes. This harmonizes this alleged conflict.

But beyond all this, there is a deeper question. The State had the right to fix its own terms as to the transfer of this property. [State ex rel. McClintock v. Guinotte, 275 Mo. 298.] Section 25 and throughout the Act of 1917, the word "transfer" or "transferred" is used. Under the McClintock Case, supra, the State had the right to say that where a testator so makes his will that it is uncertain as to what class will take, then the tax shall be fixed for that transfer, at the rate payable by the class, of the uncertain classes named in the will, which would pay the highest rate. For the purpose of the tax the State could make property transferred in this manner a class to itself, and fix the highest rate as suggested above, without any provision for repayment of the excess. The foregoing are our views, but they may not be called for upon the record before us.

We feel that the two sections can be harmonized in the manner first suggested above, and that there is no just complaint against the law. It should be added that both New York and Illinois have similar troubles in their statutes, and the courts of those states have ruled that the statutes are valid, and referred the complainants to the Legislature for relief. [See the New York and Illinois cases, supra.]

III.    The third exception filed in the probate court, relied upon here, is two-fold. First, it is said that it is a tax upon the transfer of property, but not in accordance with the Act of 1917. It is in exact accord with the provisions of that act, as we have said in our first sub-division of this opinion. The courts throughout the country differ as to when the tax shall be determined and paid upon contingent remainders, but they all agree that such interests (what-

When Determined.

293 Mo.—36

ever their uncertainties and contingencies) can be charged with an inheritance tax by the State. These differences in the opinions, as we have said, are occasioned by differences of the statutes. Under statutes worded as is ours the assessment and payment are made at once, and the courts having before them such statutes have upheld them.

The latter portion of this third exception (contrary to the allegation in the first portion) charges that the tax is one upon property and not upon the transfer of property. Of course if it were a tax upon prop-
**Property Tax.** erty it could not stand. This whole matter is covered by the McClintock Case, supra, and the cases therein cited, as well as by the other cases cited herein, and we need not re-argue the question. The mere fact that there are contingencies as to the ultimate beneficiaries does not change the situation.

The judgment should be affirmed, and it is ordered. All concur.