HUGH WILHITE, W. N. PITTMAN, AND HARRIS L. MOORE, EXECUTORS AND TRUSTEES, ESTATE OF WILLIAM STONE WOODS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7462.   Promulgated March 20, 1928.

*Harris L. Moore, Esq.*, for the petitioners.
*J. F. Greaney, Esq.*, for the respondent.

86

OPINION.

ARUNDELL: The respondent has moved to dismiss the proceeding for 1919 for want of jurisdiction. As it does not appear that any deficiency for that year has been found and as the motion is not resisted by the petitioners, the respondent's motion is granted and the proceeding in so far as it relates to 1919 is dismissed. There is no issue as to 1920. For 1921 the issue, as stated in petitioners' brief, is this: Are inheritance taxes paid the State of Missouri by the executors during the year 1921 a proper deduction from income of the estate in computing the income tax for that year?·

The inheritance tax here involved was imposed by an act of the General Assembly of the State of Missouri, approved April 12, 1917, contained in the session laws of 1917, p. 114, *et seq.*, now sections 558–589, Revised Statutes, 1919. The preamble to the act states that it is "An act providing for a tax on the transfer of gifts, legacies, inheritances, bequests, devises, appointments, and successions: * * *." Under the law as it appears in the Revised Statutes a tax is " imposed upon the transfer of any property * * * to persons * * * not hereinafter exempted * * *." (Sec. 558 R. S.). The tax on transfers is graduated, measured by the degree of relationship of the beneficiary and the clear market value of the estate. (Sec. 560 R. S.). Executors, administrators, and trustees are made primarily liable for the tax and have as full power to sell so much of the property of de-

cedent to enable them to pay the tax as they have for payment of debts of the estate. (Sec. 564 R. S.)

Counsel for the petitioners says there are no decisions of the Supreme Court of Missouri directly defining the nature of the State inheritance tax, and our independent research discloses none. The Missouri courts, however, in determining the taxability of contingent interests, follow the decisions of the courts of New York and Illinois as to their inheritance tax statutes. See *In re Kinsella's Estate*, 239 S. W. 818.

Lacking a definitive statement by the State courts as to the nature of the Missouri inheritance tax we may properly have resort to the interpretations placed on similar statutes of other States. From a comparison of the Missouri statute with those of New York and Illinois we are unable to perceive any distinction which causes us to place a different construction on the former than on those of the two latter States, with respect to which it has been held that the State tax is payable primarily out of property of the estate, is deductible from the income of the estate and not by the beneficiary. See *Keith* v. *Johnson*, 271 U. S. 1; *Farmers Loan & Trust Co., Administrator*, 3 B. T. A. 97; *Frank E. Norton et al.* v. *Commissioner*, 9 B. T. A. 450. In conformity with those cases, we are of the opinion that the inheritance tax paid by petitioners to the State of Missouri in 1921 is a proper deduction from the gross income of the estate.

> *The proceeding is dismissed as to 1919. The respondent's determination of a deficiency for 1920 is approved. Order of redetermination for 1921 will be entered on 15 days' notice, under Rule 50.*