## LONSDALE et al. v. UNITED STATES.

District Court, E. D. Missouri, E. D.
November 23, 1928.

No. 8185.

Irvin V. Barth, of St. Louis, Mo., for plaintiffs.

Louis H. Breuer, U. S. Atty., of Rolla, Mo., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and P. E. Miller, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

FARIS, District Judge. The demurrer of the defendant, the United States, will be overruled. The ground of this demurrer is that the petition does not state facts sufficient to constitute any cause of action against the defendant, or, to put that somewhat more plainly, that the petition discloses upon its face that no cause of action exists.

The single decisive question raised by the demurrer is whether the plaintiffs as trustees of the estate of Milliken, deceased, may, in determining the gross value of the estate in their hands subject to federal estate tax, deduct the amount paid by them as taxes under the provisions of the Missouri inheritance tax law.

It is conceded that the federal law of 1916 (39 Stat. 756) applies to the case. This law, so far as it is apposite to the controversy in hand, provides thus (section 203):

"That for the purpose of the tax the value of the net estate shall be determined—(a) in the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, * * * and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered."

I gather from the briefs that both parties here concede that the words "and such other charges against the estate as are allowed by the laws of the jurisdiction" apply to a state inheritance tax, if so it be that such a state tax is levied against the estate itself, and not against the property which the beneficiaries take. In other words, if the Missouri state tax is a charge against the estate, and not a charge upon the respective interests of the beneficiaries, the demurrer ought to be overruled.

If this concession is not made by the parties, I think the law makes it for them. This is to be fairly deduced, not only from the decided cases, but also from the significant language of the act of 1918 (40 Stat. 1057), wherein it was specifically provided that deductions from the gross amount subject to federal estate taxes should not include "inheritance taxes." Moreover, it seems that in the Revenue Act of 1928 (26 USCA § 2001 et seq.) the Congress again returned to what I deem to be the rule and policy of the Revenue Act of 1916. In short, the Revenue Act of 1928 substantially provides that, if the deduction for state inheritance taxes shall be claimed by the estate, such deduction shall be allowed to it, but, if claimed by the beneficiaries, it shall be allowed to them.

The decided cases also seem clearly to take as a test the single and simple question whether, under the state inheritance tax law, the charge or tax levied is made by the state law a tax on transmission of the estate, to be paid by the estate, or a tax on the taking or receiving, to be paid by the beneficiaries. See Keith v. Johnson, 271 U. S. 1, 46 S. Ct. 415, 70 L. Ed. 795, 44 A. L. R. 1432; U. S. v. Mitchell, 271 U. S. 9, 46 S. Ct. 418, 70 L. Ed. 799; Thayer v. Malley (D. C.) 3 F. (2d) 194.

So, if we coincide in the view that the language, "such other charges against the estate," etc., includes the state inheritance tax, if so it be that such taxes are charges against the estate, and not against the beneficiaries, we come to the question whether under the local law such state taxes are levied against the estate or against the beneficiaries.

The cases cited by the demurrant are for the most part (in fact, all but one) decisions of the Supreme Court of Missouri, dealing with an old law of Missouri commonly called the collateral inheritance tax law. In the latter law the word "property"—that is to say, taxable property, with which the law is presumed to deal—was thus defined: "The word 'property,' as used in this section, shall be taken to mean the property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, vendees, or donees, and not as the property or

interest therein of the testator, intestate, grantor, bargainor, vendor, or donor." Laws of Missouri 1899, p. 328, § 1.

I may assume or concede, arguendo, that the Supreme Court of Missouri held under the above language that the tax levied by the Missouri collateral inheritance tax law was a tax against the beneficiaries, and not a tax against the estate. Such concession in no wise militates against the position contended for by the plaintiffs here.

But the difficulties of the case are not to be solved by reference to any provision of the collateral inheritance tax law, because that was not the law under which the state taxes here sought to be deducted were paid. As I gather from briefs, the taxes here sought to be deducted were taxes paid by the plaintiffs under the provisions of the state inheritance tax law of 1917. Laws of Missouri 1917, p. 115, et seq. The first section of the above law says: "A tax shall be and is hereby imposed upon the transfer of any property," etc. Another section makes this tax a lien upon the entire estate. Section 562, Revised Statutes of Missouri 1919. Still another section renders the personal representative of the estate personally liable for this tax. Section 564, R. S. Mo. 1919.

It is true that there are provisions pursuant to which, upon contingencies set out, either the personal representative or the beneficiaries may, in default of prompt payment, be required to give bond for such payment; but there is a further provision that the tax shall become due and payable as of the time of the death of the deceased. So it may be true that no satisfying consolation is derivable from so much of the law as is above referred to. But I think the definition to be found in the act fairly settles the question; for section 589, Revised Statutes of Missouri 1919, provides: "The words 'estate' and 'property' as used in this article shall be taken to mean the real and personal property or interest therein of the testator, intestate, grantor, bargainor, vendor, or donor passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, donees, vendees, or successors, and shall include all personal property within or without the state." It will be seen that the language of the latter act, as compared to the former, shows a situation wherein there is a diametrical difference.

In construing this decisive question as to whether the tax laid is laid against the estate, or against the part thereof taken by the beneficiaries, there is observable among the decisions of the Supreme Court of Missouri some slight apparent contradictions. Most of those excerpts which lend comfort to demurrant are either dicta or they are made merely arguendo.

The cases called to my attention by demurrant, save the case of State v. Guinotte, 275 Mo. 298, 204 S. W. 806, are all cases, I repeat, dealing with the nature of the old collateral inheritance tax law, and are not cases dealing with the present and applicable Missouri inheritance tax law, wherein as seen already, the definitions of the thing taxed are wholly different. The Guinotte Case, however, affords no consolation for demurrant, for that case speaks throughout of conditions precedent to transfer, and holds that the power of the state to pass laws embodying such conditions precedent is well-nigh, if not fully, thorough-going; that the charge laid is not a tax, but a mere condition precedent to transmission to the designated beneficiary.

In fact, the learned writer of the opinion in the Guinotte Case, quoting Bond, J., in the case of Maguire v. University, 271 Mo. loc. cit. 363, 196 S. W. 738, says: " 'The constitutional principle upon which this excise or duty rests is that it is not a tax upon property, but only on the transmission of property, either by operation of law, or wills, or gifts, to take effect upon death.' " And then the writer of the Guinotte Case proceeds thus: "It will be observed that the learned writer does not say that it is a tax within the usual construction of that term. He does emphasize the idea that it is a duty imposed by the state upon the transmission of property. He in fact rules what we have ruled in our paragraph 1, supra."

Of course, the fact that such duty is not a tax, but merely an excise or duty laid upon the transmission of property, in no way militates against its nature as a charge against the estate as these words are used in the Revenue Act of 1916.

One other case is found among the decisions of the Supreme Court of Missouri, which speaks of the nature of this charge as a charge or duty imposed upon the transmission of the property. In re Kinsella's Estate, 293 Mo. 545, 239 S. W. 818. I have found no Missouri case which specifically decides the question whether this charge is one laid on the estate, or a charge laid on the interest taken by the beneficiary. The Kinsella Case and the Guinotte Case are the nearest approach to a decision on the point that I have been able to find, or to which counsel have called my attention. I think by the very strongest inference they intimate that, since the charge is a charge upon the transmission, and not a charge upon receipt, it is a tax upon the estate, and not a

tax upon the beneficiary. Of course, the language of the two Missouri cases mentioned, which lay stress on the fact that it is a tax on the transmission of the property, and not a tax upon the receipt of the property, is persuasive; but it is clear that the precise point is not definitely and squarely ruled. However, the Missouri law was taken either from the state of New York or the state of Illinois, as is ruled by the Supreme Court of Missouri. In re Kinsella's Estate, supra.

In such a situation, I may construe the Missouri statute as I think it ought to be construed, and I may have recourse, as persuasive, to the construction put upon the law in cases which construe the New York law. I am not able to construe the Missouri law as meaning that the tax is laid on the beneficiary, but I think it is too clear from the excerpt of the law above quoted that it is laid upon the estate. This view is sustained by the case of Keith v. Johnson, supra, wherein, among other things, it is significantly observed that no part of the transfer tax so paid could be taken by the heirs as a deduction, in calculating their federal income taxes. I think the policy of the federal law is to give the benefit of the deduction to some entity; that is to say, either to the estate or to the beneficiaries. If it cannot be given to the latter, then it ought to inure to the former. True, this was not the policy of the Congress as indicated in the Revenue Act of 1918, which gave neither the estate nor the beneficiary the benefit of this deduction in a case like this at bar; but it is the policy, I repeat, of the Revenue Act of 1928, and I think clearly it was the intent of the Revenue Act of 1916. It is, moreover, persuasive that the Board of Tax Appeals has recently taken this identical view, which I am here constrained to take. Wilhite et al. v. Commissioner, decided March 30, 1928.

It follows, without more, that in my opinion the demurrer of the defendant, the United States, should be overruled, which is accordingly ordered.