BENJAMIN F. MARSHALL and MARY ELIZABETH MARSHALL, Minors, by FLORENCE M. MARSHALL, Their Next Friend, Respondents, v. ST. LOUIS UNION TRUST COMPANY, a Corporation, and ISAAC MARSHALL, as Joint Trustees of the Estate of BENJAMIN F. MARSHALL, SR., Deceased, Appellants.

Springfield Court of Appeals, January 14, 1922.

1. TRUSTS: Contracts Between Trustee and Beneficiary as to Compensation Recognized. Contract between a trustee and *cestui que trust* fixing the amount of the compensation of the trustee for services is permissible, and when honestly entered into will be recognized by the courts.

2. ———: Trustee Bound by Instrument Fixing Compensation. When a trust instrument fixes the compensation to be paid to the trustee, he may, by accepting the trust, bind himself by the provisions therein made for him, and prevent his collecting a larger sum.

3. ———: Compensation to be Reasonable for Work Done. A trustee cannot be allowed to profit from the trust estate, but the guide in fixing the amount of his compensation by the court is always reasonable compensation for the work done.

4. ———: Trustee Held not Bound by Agreement of Testator as to Compensation. A letter to testator from trust company in regard to compensation charged for handling property could be considered a contract fixing compensation of such trust company and an individual co-trustee nominated by the will to act with the trust company, applying to the trust company alone.

5. ———: Courts Should See that Reasonable Care is Exercised by a Trustee to Keep Expenses within Bounds. The court should scrutinize with care all items in the account of a trustee under

a will, and, while the allowances should always be fair and reasonable, it should see that reasonable care is used by the trustee to keep expenses within proper bounds.

6. ————: **Trustee of Estate Held Entitled to Certain Attorney's Fees.** A trust company, as trustee under a will, was not entitled to an attorney's fee in partition proceedings by widow of testator, where it was appointed guardian *ad litem* of the beneficiaries, who were minors, and the attorney acted as attorney for it in both capacities, such guardian *ad litem* being allowed a compensation of $750 which of necessity included legal advice and services of an attorney; there being no controversy between the minors and trust company.

Appeal from Circuit Court of Scott County.—*Hon. Frank Kelly*, Judge.

AFFIRMED.

*Bryan, Williams & Cave* for appellants.

(1) The presumption is always that a trustee has acted in good faith and has done his duty and the burden is on one excepting to a trustee's accounting to prove the contrary. Opstein v. Gehner, 223 Mo. 318; Leigh's Estate Pa. Co. 8; 27 A. & E. Enc. of Law 293. (2) All expenses incurred in good faith by a trustee are properly credited to him. Denvir v. Park, 160 Mo. App. 335; Dunne v. Cooke, 197 Ill. App. 422, 440; 2 Pomeroy's Eq. Juris, sec. 285; Perry on Trusts, sec. 910. (3) The compensation of trustees, in addition to their expenses, is usually fixed at a certain percentage of the receipts and disbursements. And by way of analogy to the statutes fixing the compensation of executors, the courts have usually, although not always, adopted five per cent as the proper percentage. 39 Cyc. 487-8; Parker v. Hill, 185 Mass. 16; Goldbeck's Estate, 17 Pa. Dist. 373; Martin's Appeal, 86 Pa. 346.

*Ward & Reeves* for respondents.

(1) We concede the statement of law as set out in Division I of appellants' brief, that the presumption is

that a trustee acted in good faith and did his duty; but we contend, (1) That presumption gives way to facts, and when the testimony comes in presumption goes out. Guthrie v. Holmes, 272 Mo. 233; Sowders v. Railway, 127 Mo. App. 119; Lawson on Presumptive Evidence, 659. (2) That under the proof in this case the defendants did not act in good faith, and to the best interest of the trust estate, but rather to enhance their own compensation. (2) We concede the authority as laid down in Division II by appellants that expenses properly incurred in "good faith" by a trustee should be properly credited to him; but against this proposition we contend: (1) "That a trustee's duties require that he represent and protect the interest of all the beneficiaries, and that he act in good faith, and that he exercise that care and diligence which an ordinarily prudent man would exercise in the management of his own affairs." 39 Cyc. 294. (2) Good faith is no defense where the trustee has arbitrarily overstepped the bounds of his authority, or has been guilty of gross neglect. Wilson v. Smoot, 216 S. W. 131-132. A want of that caution and diligence which an honest man of ordinary prudence is accustomed to exercise in making purchases is, in law, a want of good faith. Pringle v. Phillips, 7 N. Y. Super. 157-65. (3) But the evidence in this case shows that the payments made and the commission retained was not done in "good faith." Good faith, like fraud, cannot be established by direct and positive proof, but by all the facts and circumstances in the case; and when they are reviewed herein they show a lack of good faith, viz: (a) Marshall's anxiety to know that the fees would be kept down, and the letter of the St. Louis Union Trust Company assuring that it would be five percent on the "net income," and they say now that this is not binding on either, and especially not Isaac Marshall. (b) Going back and charging to the trust estate expenses for probating the will and making settlements, etc., matters that could not be charged in the probate court. (c) Charging attorney fee of $750 for briefing and arguing a motion in

the probate court. (d) Seeking to violate the agreement with Benjamin F. Marshall on the amount of fee, and suing his minor children and trying to get an allowance in addition to the five per cent commission on the "gross income" of $175 a month for Ike Marshall. (e) Then after losing the case, charging against the trust estate the attorney fee of $150 and suing them (Peters v. Berkerier, 128 Mo. App. 666, 672). (f) Being to look after the estate, and when the land is sought to be partitioned, send nobody to look after it except the lawyer who asked to have the Trust Company appointed guardian *ad litem* for the minor plaintiffs, who had no interest in the land, and get a fee of $750 therefor; and then pay the same attorney $1000 after having paid, under the statute, to the plaintiffs' attorney, two-thirds of $3000, when there was no contest. (g) Paying fourteen per cent commission for selling land without any investigaton or without any obligation, when the regular price was from three per cent to five per cent. (h) Paying trustee Marshall $60 a month flat rate for expenses merely to buy gasoline and oil to run his car over the farms; and then increasing that to over $100, and sometimes as much as $200 a month, and make no investigation of the charge; then when the trustee is upon the stand unable to produce any account of its correctness. (i) Shifting the account so as to make the principal account bigger and the income account that is to be distributed at a stated period, less; thereby giving them more capital in the years to come to get income off of. (i) Paying McBride and Chewning to do the identical work that the trustees were receiving their commission for. (k) Charging five per cent "gross income" when they were under obligation and contract to handle this estate for five per cent "net income," thus, in about a year enhancing their commission $2541.18. (1) Charging exchange upon checks deposited to the account of the trustees in the trustee's own bank. All of which facts show negligence, lack of good faith, and that the trustees are using all available means in every possible manner to increase the remuneration of themselves, their bank and attorneys.

COX, P. J.—The respondents filed suit in the circuit court of Scott county against appellants as trustees under the will of Benjamin F. Marshall, deceased, asking that they be required to file an annual accounting in said court. Appellants appeared and consented that a decree as asked should be entered which was done and they then filed their accounting. The respondents filed exceptions to the accounting which were heard by the court and overruled except as to three items which were sustained. The trustees have appealed to this court and seem to have abandoned one of the three items but insist that the court's action was wrong as to the other two.

The two items involved here are commissions claimed by the trustees by way of compensation for their services and attorneys' fees of $1000 paid by them to attorneys. The facts as far as necessary to determine the matters involved here may be briefly stated as follows: Benjamin F. Marshall owned a large amount of both real and personal property. The real estate was located chiefly in Scott county and consisted of farms and town lots. His brother, Isaac Marshall, one of appellants, was employed by him to look after the real estate, secure tenants and collect rents and was paid therefor. Benjamin F. Marshall made a will in which he directed that his property be held and controlled by trustees therein named for a long term of years as therein specified and made full provision for a disposition of the income from the property and for its final disposition by the trustees to the parties therein designated. He desired to make the St. Louis Union Trust Company and his brother, Isaac Marshall, joint trustees in his will but before executing the will went to see Mr. John F. Shepley, Vice-President of the Trust Company, and had a talk with him as to the expense of the administration by the trustees and their compensation. Afterward Mr. Shepley addressed to Mr. Marshall, the following letter:

209 M. A.—2

"Dear Mr. Marshall:

"In order to state fully the extent which the executors of your will and the trustees under its provisions will be entitled to compensation I make the following statement:

"The executors will receive for the adminstration of your estate, whether it lasts for one or more years, five per cent of the value of all personal property passing through their hands. The estate will then be turned over to the trustees, who will be entitled to receive five per cent upon the net income received by them during the life of the trust, and as its expiration when the principal of the estate shall be finally turned over to the persons ultimately entitled to it, they will be entitled to receive such additional compensation as the circuit court of the county in which the will is probated shall determine in an accounting between the trustees and the beneficiaries, not in any event exceeding five per cent of the value of the property turned over.

The conversion of land into personal property by the trustees will not in any degree affect their compensation unless the property or money received for the land shall produce a greater income than the land produced.

I desire in this connection to repeat my previous assurance to you that this company will divide equally with its co-executor all compensation received by them jointly, and will do the same with its co-trustee, and at the same time it will take charge of the property of the estate and do all the duties of both executors and both trustees except in so far as its co-executor or co-trustee may ask or demand participation."

The will was executed with the trust company and Isaac Marshall named as trustees but the will gave no directions as to the compensation to be paid the trustees. At his death Benjamin F. Marshall left as his widow Florence M. Marshall and as his heirs, the two minor children who are plaintiffs in this action. He made provision for all of them in his will but the widow elected to take under the statute and brought a suit in partition

and made the two minors and the trustees parties defendant. In that suit, the trust company was appointed guardian *ad litem* for the minors. Answers were filed by the guardian *ad litem* and by the trustees. There was no controversy as to the title or rights of the parties. Commissioners were appointed and the widow's interest set off to her. Report was filed and approved. The attorney for the widow who brought the suit was allowed and paid a fee of $3000. The trust company as guardian *ad litem* was allowed and paid $750.

In the account filed by the trustees they asked credit for their services a commission of five per cent on the amount of money received by them as income from the property, which commission at that rate amounted to $5897.24. The trial court held this to be too much and reduced it by $2541.18 which left it at $3356.06. They also asked credit for an attorney fee of $1000, paid Bryan, Williams & Cave, attorneys for representing them as trustees in the partition suit. The exceptions to this item was sustained and the credit therefor disallowed. These two items are the two involved here.

The respondents contend that the letter of Mr. Shepley above set out having been written for the purpose of placing in writing the verbal understanding and agreement between the testator and Mr. Shepley before the will was drawn amounted to a contract and while it may be proper to pay a trustee on a commission basis, yet Mr. Shepley had agreed for the trust company that the commission should be computed on the net income while in this case, the trustees had computed it on the gross income. Appellants contend that the letter is not a contract and that they are not bound by it as to the amount of their compensation. If this letter is to be regarded as a contract, it could in no event apply to Isaac Marshall, the other trustee who was not a party to it. Contracts between the trustee and *cestui que trust* fixing the amount of the compensation of the trustee for services are permissible and when honestly entered into will be recognized by the courts. [Ladd v. Piggott, 215 Mo. 361, 114 S. W. 984]

When the trust instrument fixes the compensation to be paid to the trustee, he may, by accepting the trust, bind himself by the provision therein made for him and prevent his collecting a larger sum [Oppliger v. Sutton, 50 Mo. App. 439.]

We have been cited to no case, nor have we found one, holding that a trustee who is to handle farm property for a long term of years after the death of a testator, as is to be done in this case, is to be bound as to his compensation by a voluntary agreement made by him at the time the will is executed to work for a commission on the income from the property either net or gross. It is universally held that a trustee cannot be allowed to profit from the trust estate but the guiding star in fixing the amount of his compensation by the court is always reasonable compensation for the work done. [Kilpatrick v. Roberts, 278 Mo. 257, 212 S. W. 884.]

It may well be doubted whether the testator and a trustee can bind the court by any agreement they might make as to the compensation of the trustee when the trustee has no interest in the property and the trust is to continue for a long term of years and involves the control and management of property where the conditions relating to the service of the trustee are liable to change and where the cestui que trust is not a party to the contract. Should the compensation agreed on under such circumstances prove to be too small, the trustee could resign his trusteeship and let another be appointed by the court who would not be bound by the contract of the former. Or if the trustee should die, it would then be necessary for the court to appoint another and he would not be bound by the agreement of the original trustee. If a contract of that kind is valid, it is clear that the trustee can secure relief by resigning or if death should intervene he and his estate would be relieved, while on the other hand, if the compensation agreed on was too high, the estate might be thereby dissipated and the court be powerless to prevent it. We do not think, however, that the letter referred to is in fact a contract

for the reason that it only applies to one trustee while the will nominated two trustees. The letter might properly have some bearing in fixing a proper allowance for handling and disbursing money collected as interest or dividends but it could certainly be of no value in fixing compensation for looking after farms and collecting rents.

The record before us does not disclose on what the court based its action in reducing the amount of compensation claimed by the trustees, but, from what is before us, we cannot see that the court's action in that respect is erroneous and we shall approve it.

It appears from the record here that the trust company looked after the personal property and that Isaac Marshall, the other trustee, looked after the farms. It also appears that Mr. Marshall had a very large expense account charged as having been necessarily incurred in looking after the farms. The reasonableness of these items is not before us but it may not be amiss to suggest that in the future the trustee should be careful to incur no more expenses than are reasonably necessary in properly doing the work assigned to them. In short, the court should scrutinize with some care all items in the account and while the allowances should always be fair and reasonable, the court should see that reasonable care is used by the trustees to keep expenses within proper bounds.

As to the attorney's fee of $1000 paid by. the trustees to Bryan, Williams & Cave for representing them in the partition suit and which was stricken out by the court, we think the court's action in that particular was correct. Mr. Cave, a member of this firm, testified, that he had individually represented the trust company from time to time since it took charge of the Marshall estate. He represented it in the partition matter and secured its appointment as guardian *ad litem* and represented it in that capacity. He was therefore attorney for the guardian *ad litem* and for the same party as trustee. There was no controversy in the partition suit and no conflict of interest between the minors whom the trust company

represented and the trustees. Had there been a conflict of interest between them, the trust company could not have acted as guardian *ad litem*. The guardian *ad litem* was allowed a compensation of $750 which of necessity included legal advice and the services of an attorney in preparing the answer and in seeing that the interest of the minors were properly protected. The interest of the minors and the trustees in the partition suit were identical. All they were required to do or could do was to see that the widow got no more than the law would give her. An attorney for the guardian *ad litem* could render no service that would not inure to the benefit of the trustees as such and *vice versa*. The compensation of the guardian *ad litem* covered the service of an attorney as far as one was necessary and that expense was to be borne by the whole estate, of which the widow who had refused to take under the will would bear her part. Since the guardian *ad litem* was one of the trustees, the trustees received all the legal advice and service they needed through the trustee who acted as guardian *ad litem* and it was unnecessary to add an additional fee to the same attorney for representing the trustees as such as distinguished from his service to the same party as guardian *ad litem*.

Our conclusion is that the action of the trial court in relation to the items in the account involved in this appeal was correct and his judgment is therefore affirmed.

*Bradley, J.*, concurs. *Farrington, J.*, concurs in the result.