IN THE MATTER OF THE ESTATE OF JAMES COSTELLO v. FRANCIS R. KING and HENRIETTA ROBISON, Appellants.—92 S. W. (2d) 723.

Court en Banc, March 18, 1936.

*H. G. Leedy* for appellants.

*Roy McKittrick*, Attorney General, *John W. Hoffman, Jr.*, and *Charles M. Howell, Jr.*, Assistant Attorneys General, for respondent.

GANTT, J.—Appeal from the judgment of the circuit court sustaining an inheritance tax against distributive shares of the estate of James Costello, deceased. Appellants state the facts as follows:

"James Costello, a resident of Clay County, Missouri, died on December 27, 1933, leaving a last will and testament under which his two sisters, Miss Nellie Costello and Mrs. Katie F. Robison, were made equal residuary legatees.

"In September, 1934, and before any distribution had been made to her from her brother's estate, Mrs. Robison died. She left a last will and testament, under which her two daughters, Mrs. Francis R. King and Miss Henrietta Robison, the appellants here, were named sole legatees. They were also appointed executrices of her estate.

"On December 17, 1934, Soper J. Taul, who had theretofore been appointed as appraiser to assess the State Inheritance Tax upon the interests of the beneficiaries of the James Costello estate, filed his report in the Probate Court of Clay County, Missouri, in which he found the distributive shares of the two sisters of James Costello, and the tax owing on such shares, respectively, to be as follows:

| Name | Shares Less Exemptions | Tax |
|---|---|---|
| Miss Nellie Costello | $137,620.07 | $12,314.41 |
| Mrs. Katie F. Robison | 137,620.07 | 12,314.41 |

"On December 17, 1934, exceptions were filed to the appraiser's report by Francis R. King and Henrietta Robison, as executrices of the estate of Katie F. Robison, deceased, and also in their individual capacities, as sole heirs and legatees of her estate, in which they asserted that the interest of Katie F. Robison in the Costello estate was not subject to an inheritance tax under the laws of Missouri for the reason that at the time of her death she had not come into the possession or enjoyment of any of the property, interest therein, or income therefrom, which under the last will and testament of James Costello was devised to her. The exceptions so filed were thereafter overruled by the Probate Court, and a judgment was entered by that court approving the report of the inheritance tax appraiser."

Appellants contend that under the act an inheritance tax can be imposed only when the beneficiary actually comes into the possession and enjoyment of the property, and further contend that as

Katie F. Robison died before she came into the possession and enjoyment of the property willed to her by James Costello, the tax cannot be imposed upon her share of his estate.

The section directly involved is Section 570, Revised Statutes 1929, which follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real, personal or mixed, or any interest therein or income therefrom, in trust or otherwise, to persons, institutions, associations, or corporations, not hereinafter exempted, in the following cases: When the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of the state. When the transfer is by will or intestate law of property within the state or within the jurisdiction of the state and decedent was a nonresident of the state at the time of his death. When the transfer is made by a resident or by a nonresident when such nonresident's property is within this state or within its jurisdiction, by deed, grant, bargain, sale or gift made in contemplation of the death of grantor, vendor or donor, or intending to take effect in possession or enjoyment at or after such death. Every transfer by deed, grant, bargain, sale or gift made within two years prior to the death of grantor, vendor or donor, of a material part of his estate or in the nature of a final disposition or distribution thereof without an adequate valuable consideration shall be construed to have been made in contemplation of death within the meaning of this section. [When the transfer is made by a resident or by a nonresident when such nonresident's property is within this state or within its jurisdiction, in trust or otherwise, and the transferor has retained for his life or any period not ending before his death, (1) the possession or enjoyment of or the income from the property, or (2) the right to designate the persons who shall possess or enjoy the property or income therefrom, except in case of a bona fide sale for an adequate and full consideration in money or money's worth.] *Such tax shall be imposed when any person, association, institution or corporation actually comes into the possession and enjoyment of the property, interest therein, or income therefrom, whether the transfer thereof is made before or after the passage of this law: Provided, that property which is actually vested in such persons or corporations before this law takes effect shall not be subject to the tax.*" (Italics ours.)

Appellants are confronted with In re Kinsella's Estate, 293 Mo. 545, 239 S. W. 818, as ruling contrary to the above contention. After the decision in the Kinsella case, the Section 570 was amended, by the insertion of that part in brackets. [Laws 1931, p. 130.] Before said insertion the italicized part of the section immediately followed the provision with reference to property conveyed by deed, grant, sale or gift.

Appellants challenge the ruling in said case that the italicized part of the above section refers to the preceding sentence with reference to property transferred by deed, grant, sale or gift, and does not refer to the other methods of transfer mentioned in the first part of the section.

In the case of In re Rosing's Estate, 337 Mo. 544, 85 S. W. (2d) 496, we disapproved said ruling in the Kinsella case and ruled that the italicized part of Section 570 had reference to all the methods of transfer, including transfers by will, mentioned in the section.

In the Kinsella case it also was contended that the tax could not be imposed for the reason that the italicized part of said section conflicted with that part of Section 597, Revised Statutes 1929, which provides that "When the property is transferred in trust or otherwise, and the rights . . . of the transferees are wholly dependable upon contingencies . . . a tax shall be imposed upon said transfer . . . and such tax so imposed shall be due and payable forthwith by the executor . . . out of the property transferred." In said case we construed the word "forthwith" to mean immediately, and sustained the contention. We now disapprove said ruling. Generally "forthwith" means within a reasonable time under the circumstances. [3 Words & Phrases, p. 2916; 2 Words & Phrases, (2d Series), p. 622; 3 Words & Phrases (3d Series), p. 750.] As used in Section 597, and the Kinsella case it means in due course of the administration of the estate rather than payment on the happening of the contingency. The Kinsella case was correctly ruled but not well reasoned.

In the Rosing case we ruled that the tax is imposed "on the net amount that each beneficiary actually receives." Of course, this means that the tax is imposed on the net amount actually due the beneficiary after the payment of all lawful charges against the estate. The Kinsella and Rosing cases do not rule the question presented in this case.

Appellants suggest that a tax imposed on the transfer from James Costello and the transfer from Katie F. Robison would be in the nature of double taxation for the reason said taxes would be paid from the property descending from Costello. The question of double taxation is not presented by the record. The taxes imposed on said transfers are on different inheritances. They cite Federal and Tennessee statutes expressly exempting property from inheritance taxation, if said property has been so taxed within certain periods. We have no such statute in this State. In this situation appellants rely on "strict construction" to except the property in question from taxation, citing In re Cupples' Estate, 272 Mo. 465, 199 S. W. 556. In that case we construed the Collateral Inheritance Tax Act with reference to the question there presented. In doing so we stated that the ques-

tion depended entirely upon the legislative purpose; that such taxation must be imposed in clear and unambiguous terms and that exceptions should be liberally construed in connection with the whole body of the law upon the subject. This statement is in harmony with the rule, in all jurisdictions, which follows:

"As the intention of the Legislature, embodied in a statute, is the law, the fundamental rule of construction, to which all other rules are subordinate, is that the court shall, by all aids available, ascertain and give effect, unless it is in conflict with constitutional provisions, or is inconsistent with the organic law of the state, to the intion or purpose of the Legislature as expressed in the statute." [59 C. J., p. 948.]

 We now state the applicable provision of Section 570, which follows:

"A tax shall be and is hereby imposed upon the transfer of any property . . . not hereinafter exempt in the following cases: When the transfer is by will . . . from any person dying possessed of the property while a resident of the state. . . . *Such tax shall be imposed when any person, . . . actually comes into the possession and enjoyment of the property. . . .*"

The act does not expressly exempt the property in question. Even so, appellants contend that said italicized words should be construed as an exemption. In considering the question it should be noted that the original assessment is made by Section 570 in words as follows: "A tax shall be and is hereby imposed upon the transfer of any property." This assessment is a lien on the property for payment. It also should be noted that Section 578 makes reference to the "final assessment of the tax." It is clear that the Legislature intended an original assessment and a final assessment of the tax.

It also is clear that the Legislature did not intend by said italicized words to require the executor or administrator, on distribution, to pay the distributee the share and thereafter impose the tax. Indeed, it is provided in Section 578 that the tax must be deducted or collected before delivery of the property to the distributee. But defendant argues that Mrs. Robison never actually came into the possession and enjoyment of the property. In this connection it also should be noted that the italicized words provide that the tax shall be imposed when *any person* actually comes into the possession and enjoyment of the property. The words "any person," as used, mean a person or persons lawfully entitled to possession and enjoyment. If so, the act provides for the imposition of the tax when the executrices of the estate of Mrs. Robison actually come into the possession and enjoyment of the property. As used, the word "enjoyment" does not mean personal enjoyment. It means control.

Furthermore, Mrs. Robison had a vested interest in her share of

James Costello's property, subject to administration and lawful charges. She shared in any income from the property. Furthermore, she enjoyed the privilege of transferring the property by will to her daughters. We think she actually came into the enjoyment of the property within the meaning of the act. In other words, the Legislature, by the above italicized words, only intended the time of distribution to be the time of the final assessment of the property.

The judgment should be affirmed. It is so ordered. All concur, except *Leedy, J.*, not sitting.