In the Matter of the Estate of IDA I. MCKINNEY, Deceased; GEORGE N. MEISSNER, Executor, Appellant, v. STATE OF MISSOURI.—No. 37612.—173 S. W. (2d) 898.

Division Two, September 7, 1943.

*Jones & Biggs* and *Wm. H. Biggs* for appellant.

` Roy McKittrick, Attorney General, Russell C. Stone and William C. Connett, IV, Assistant Attorneys General, for respondent.

BARRETT, C.—In this reassigned cause Ida I. McKinney, a widow without children, disposed of a large estate by will. Her brother, George N. Meissner, who was a beneficiary, was also designated the executor of her will and the trustee of two trusts created by the will. One of the trusts was of the sum of $75,000.00 for the benefit of two children and a grandchild of a deceased brother and was terminable on the death of the survivor, at which time the trust was to be distributed among the deceased brother's descendants, and if there were none to become a part of the residuary estate. This trust was provided by item six of the will and required the net income to be paid the beneficiaries "after payment therefrom of all reasonable and necessary expenses, *including a reasonable allowance to himself for his services as trustee.*" The principal trust, provided by item eight of the will, was of the testatrix' residuary estate and was for

the benefit of such of her named brothers and sisters, George Meissner, Charles Meissner, Nettie Williams, Bertha N. Rogers, and Mae M. Whittaker, as survived her and their descendants. As trustee of the residuary estate the trustee was to manage and control the estate and pay over the net income to the brothers and sisters during their lives and then to their descendants for a period of twenty-one years after the death of the last surviving brother or sister. Upon the termination of the trust, the trust funds were to be divided among the descendants of the named brothers and sisters and for the purposes of this case Gladys Chadwick and George M. Williams, a niece and a nephew, are the remaindermen entitled to the residue of the estate, (after the payment of specific devices and legacies and the termination of the estates contemplated by the will), for the purpose of determining inheritance tax liability. As to the trustee's compensation under this trust item eight of the will provided:

"Said trustee shall pay and deduct from the income, rents and profits collected and received by him from said estate all of the expenses, taxes, interest, charges, costs, attorneys' or accountants' fees, if any, and other disbursements, including the expense of a suitable office and of a competent secretary or accountant, *and a reasonable compensation to himself for his services, which last item may be five per cent (5%) of the disbursements, both principal and income,* and all other proper charges against said estate and the income therefrom, . . ."

Item eight also contained this provision:

"Said trustee shall have the right and power to determine how all receipts and disbursements to the trust estate shall be treated, credited or charged as between income and principal, and his or their decision in such matters shall be final."

Upon these facts the inheritance tax appraiser fixed and determined the value of Ida I. McKinney's property "at its clear market value" at the time of her death, and in so doing failed to allow as a deduction from the valuation of the residuary legatees' interests the fees and commissions payable to the trustee under item eight of the will. Upon exceptions to the appraiser's report the Probate Court expressed the view that Section 581 of the inheritance tax law was inapplicable because in using the phrase "prescribed by law" the statute only meant "prescribed by statute," and since no such fees are provided by statute in Missouri they could not be deducted. The court also observed that probate courts had nothing to do with fixing trustees' fees and further that there is no uniform rule as to fixing their compensation in any court. And finally, the court said the most important ground for denying the exception was that the will itself made the commissions paid to the trustee payable out of income and not corpus and the exceptions were overruled. On appeal to the Circuit Court it was found as a fact, by the court, that the appraiser placed the valuations upon the interests of the beneficiaries without deduction

for fees or commissions payable to the trustee under item eight of the will, and concluded as a matter of law that the statutes relating to inheritance taxes did not contemplate such deductions. However, the court also found as a matter of law that such fees as the trustee would receive would be payable from the **[900]** corpus of the trust estate. In a memorandum the trial court put his decision on the ground, largely, that a testamentary trustee served the beneficiaries and that his services equaled in value the amounts thus deducted from their estate and the tax should, therefore, be computed on the present value of the estate in remainder without deductions for the trustee's commission. The court was also of the view that Section 581 was inapplicable because the bequests to the trustee in the instant case were not in lieu of other fees or commissions.

In his reply brief the appellant expressly disclaims any deductions for "compensation the trustee will receive during the course of administration" and contends that the sole question presented is whether the five per cent fee received by the trustee upon and from disbursement of the principal of the trust is deductible in determining the beneficiaries' estate subject to the tax. We, therefore, eliminate from consideration whether the trustee's fees or commissions, if any, received from disbursements of income are also deductible in determining the clear market value of the beneficiaries' residuary estate subject to our inheritance tax and confine our decision to the one point presented and claimed by the appellant.

It is no longer debatable that our inheritance tax is a tax on the right to receive or take property rather than on the right to transfer property after death (In re Bernay's Estate, 344 Mo. 135, 126 S. W. (2d) 209; In re Zook's Estate, 317 Mo. 986, 296 S. W. 778) and, therefore, the incidence of the tax falls upon the recipient of the property, the amount of the tax being determined by the net value of the property received by the beneficiary from the gross estate. In re Estate of Rosing, 337 Mo. 544, 85 S. W. (2d) 495; In re Costello's Estate, 338 Mo. 673, 92 S. W. (2d) 723. Our concern is with how the net value of the beneficiaries' estate is to be determined. More particularly our problem is whether fees or commissions due the trustee from the principal fund may be deducted in determining the net or "clear market" value of the cestuis' estate in computing the inheritance tax.

Under our statutes the legislative formula for determining the property subject to the tax is the net or "clear market" value of all property actually coming into the possession and enjoyment of the intended beneficiary. Mo. R. S. A., Secs. 571-574; In re Rosing, supra; In re Costello, supra. There is no express statutory provision for deductions and so what may or may not be deducted from the gross estate in arriving at the base for the tax is left to construction and interpretation subject to the statutory limitation of the clear market value of all property actually coming into the possession and enjoy-

ment of the recipients. Because there are no statutory provisions for deductions the state contends that only such fees, commissions, allowances or sums as are provided by law, that is by a specific statute, may be deducted, and since there is no statute specifically allowing fees to trustees they are not items which may be considered in determining the net estate. It contends that such fees are and clearly should be in that category and not considered because the services rendered by the trustee in the administration of the trust are for the benefit of the recipients and their estate and should, therefore, be considered as an incident to and a part of the net estate coming into their possession.

Conceding that the trustee, for the most part, holds the trust property, represents and acts for the benefit of his cestui (1 Restatement, Trusts, Sec. 2; 1 Bogert, Trusts, p. 6), yet it does not follow from this fact alone that his commissions from the principal fund may not be deducted in arriving at the sum subject to the tax. It is the inheritance tax law that is before us for construction and the duties and liabilities of the trustee to his trust are admissible only in so far as they aid in construing the statute.

Whether the fees or commissions the trustee receives from the principal of his trust should be considered as a deduction in arriving at the sum subject to the tax has resulted in some diversity of opinion. The cases are collected in the annotation in 92 A. L. R. 538. In addition to the annotation the two opposing views are noted in all the texts on the subject. Blakemore, Inheritance Taxes, Sec. 339; Gleason, Inheritance Taxation, pp. 626-628; Kidder, Inheritance Tax Liability of Trusts, pp. 386-387; Pinkerton & Millsaps, Inheritance Estate Taxes, Sec. 342; 61 C. J., Sec. 2595, p. 1705; 28 Am. Jur., Sec. 246, p. 123. In none of these, for the most part, is the reason of either view considered.

The Minnesota court, upon which the state relies, refused to allow such fees as [901] a deduction and in so doing emphasized that trustees' fees were not an expense of administration (which is now expressly deductible by statute, 1941 Minn. St., Sec. 291; Laws Minn., 1939, Chap. 338, Sec. 2e) but an expense incurred and incident to the management of the trust and, consequently, was for the benefit of legatees and devisees who thereby received them and so should have them considered in determining the property subject to tax. State ex rel. Basting et al. v. Probate Court of Hennepin County, 101 Minn. 485, 112 N. W. 878.

The fact that the trustee acts for the benefit of his cestuis and their estate is entitled to consideration but is outweighed by the obvious purposes of the act, it seems to us. As we have said, while the incidence of the tax is on the beneficiaries, it is levied on and measured by the "clear market value" of the estate coming to the possession of the beneficiaries and the statute, therefore, by "clear market value" undoubtedly means the estate's *net value*. 28 Am. Jur., Sec. 238.

It is that sum, the net estate, by which the Legislature intended the amount of the tax to be measured and that plain fact is the outweighing circumstance compelling the view that such fees are deductible. The Federal act is in fact an estate tax and is on the transmission of property rather than the reception of benefits. Frew v. Bowers, 12 F. (2d) 625. That act contains a clause allowing specific deductions. 26 U. S. C. A., Sec. 812. It is interpreted as not allowing trustees' fees as a deduction in arriving at the net value of the estate. Central Hanover Bank & Trust Co. v. Commissioner, 118 F. (2d) 270.· Mr. Randolph E. Paul has criticized the soundness of this view, even under the Federal act, because, *"The fundamental problem is to determine the net value of the estate. The portion of the gross estate eventually to be paid out in commissions will never reach the beneficiaries. . . .* Here again the question is one of legislative intent, and it seems highly possible that Congress meant to allow a deduction for commissions reasonably certain to reduce the amounts payable to beneficiaries of the estate." 1 Paul, Federal Estate & Gift Taxation, Secs. 11-15, p. 594.

If the plain implication of the act to tax only the net estate is not a sufficient reason in itself for allowing reasonable trustees' fees as a deduction in arriving at the net value of the estate, Section 581 of the act certainly adds emphasis to that view. This section, as well as the whole act, with slight modifications, was copied from New York. Baldwin's New York Consolidated Laws 1938, Art. 10; In re Kinsella's Estate, 293 Mo. 545, 239 S. W. 818. Section 581 is as follows:

"If a testator devises or bequeaths property to one or more executors or trustees in lieu of their commissions or *allowances,* or makes them his devisees or legatees to an amount exceeding the commission or allowance prescribed by law for an executor or trustee, the excess in value of the property so bequeathed above the amount of commission or allowances prescribed by law in similar cases shall be subject to the tax imposed by this article."

The state urges that the appellant is in no position to rely on this statute and that it is inapplicable because there is no statute in this state regarding trustees' fees. It is further insisted that the provisions of item eight of the present will regarding the trustee's compensation are not in lieu of other fees or commissions, and, therefore, the case is not within that section of the statute. It is also urged that New York's interpretation of this section is not conclusive even though it may be persuasive, and of the latter there can be no doubt. In re Rosing, supra. Furthermore, it may be noted that there are statutes in New York regarding trustees' fees. Sec. 1548 N. Y. Civil Practice Act. However, the commissions of testamentary trustees in New York are subject to the approval of the surrogate's court. Sec. 285, Surrogate's Court Act.

The New York courts in a long line of cases have held that this section of the act necessarily implies that legal commissions, including

trustees' fees, shall be deducted in arriving at the net estate subject to the tax. Matter of Gihon, 169 N. Y. 443, 62 N. E. 561; In re Vanneck's Estate, 161 N. Y. S. 893, and the collection of cases in the annotation in 92 A. L. R., l. c. 540. The same view was followed in New Jersey after it adopted the New York act even though in New Jersey the courts fix the trustees' fees and there are no statutes regulating them. The New Jersey Court emphasized that the tax was measured by the clear market value of the estate and that the trustee's commissions diminished that value and the inheritance [902] and were, therefore, deductible. In re Christie's Estate, 87 N. J. Eq. 303, 101 Atl. 64.

While there are no statutory trustees' fees in this state, it is not contemplated that a trustee shall render his services gratuitously and if a testator provides for a trust and neglects to fix the trustee's compensation he is entitled to a reasonable fee, in the court's discretion. In re Mayhall's Trust Estate (Mo. App.), 151 S. W. (2d) 545; Loud v. St. Louis Union Tr. Co., 313 Mo. 552, 281 S. W. 744. In the instant case the testatrix by item eight of her will specifically provided as to the trustee ''a reasonable compensation to himself for his services, which last item may be five per cent (5%) of the disbursements, both principal and income.'' The trustee by accepting the trust has bound himself to accept that sum and no more. Marshall v. St. Louis Union Tr. Co., 209 Mo. App. 13, 236 S. W. 692. And whether he desires it or not and whether the will so specifies or not the compensation provided in the clause creating the trust is exclusive and, therefore, must be in lieu of any other fees or ''allowances.'' Note that the first clause of the statute has a comma after the words ''commissions and allowances'' and it is not doing violence to language to say that the word ''allowance'' was intended to include any legal and reasonable commission allowed to the trustee, either by the terms of the will or by a court. Since there is no statute governing trustee's fees, to construe the words ''prescribed by law'' to mean specifically ''prescribed by statute'' would strike the word ''trustees'' out of the statute, while the phrase ''prescribed by law'' makes sense when considered with the word ''executor'' and using the word ''law'' in its commonly accepted and broadest sense. Section 581 is, therefore, applicable and is a further limitation on the sum which may be deducted; an amount exceeding the allowance prescribed or permitted by law, that is, as to a testamentary trustee, any sum in excess of a reasonable allowance by way of device or legacy is subject to the tax.

It is our view, therefore, that in arriving at the clear net market value of the estate subject to the inheritance tax the trustee's reasonable fee from the principal of the trust should have been considered as a deduction.

The appellant also contends that an improper mathematical formula was applied and the inheritance tax, therefore, improperly computed, but this question may not arise again and is not considered.

The cause is reversed and remanded for further proceedings consistent with this opinion. *Westhues, C.*, concurs; *Bohling, C.*, dissents.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.